SUGG, Justice:
Mack Author Bonnett was convicted of murder and sentenced by the Circuit Court of Sunflower County to life imprisonment. Defendant’s three assignments of error are directed toward the weight of the evidence. Defendant contends that the evidence is not sufficient to establish his guilt beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis consistent with innocence.
On Sunday afternoon, July 21, 1974, about 2:00 o’clock p. m. W. W. Denny, an 85 year old man, was robbed and killed. An autopsy revealed that his death was caused by hemorrhaging inside the cranium resulting from blows to the head with a blunt instrument which fractured his skull. The murder weapon was not found.
Denny and the defendant were employed by Mack Thurmond Blackwood, a commercial egg producer, who owns a business referred to by the witnesses as an egg farm located on Highway 49W approximately one mile south of Drew.
Shortly after 2:00 o’clock Blackwood was notified that Denny had been injured and robbed. Upon arriving at his egg farm, he found Denny lying face down in the small room where Denny normally worked. The cash register drawer was open, there was some change on the floor, a bloody one dollar bill on Denny’s leg, a few spots of blood in the cash register and blood on the walls.
Blackwood paid defendant $57.11 on Friday preceding the murder, and testified that approximately $75.00 was missing from the cash register.
Other witnesses for the state established that defendant asked Earl Lee Clark to carry him to the egg farm about 1:00 o’clock p. m. on the day of the murder to pick up some money, and that defendant also asked Evone Phillips for a date and told her he had to go pick up some money. Defendant was seen walking south from Drew toward the egg farm on Highway 49W about one mile north of the egg farm and also about seventy-five yards north of the egg farm. He was dressed in a blue shirt without sleeves and dark pants.
Another witness driving north along Highway 49W passed the egg farm and saw a black man, wearing a blue tee shirt and dark pants, emerge from the door where retail customers entered to buy eggs with an object that looked like a 'Small box in his hand. Defendant was observed about 3:00 o’clock running off the railroad track near Drew where he flagged a white car at an intersection and was seen later in the afternoon about 4:30 in a car with Albert Banks. On the first occasion he was dressed in dark colored pants with a blue shirt, but at 4:30 he had on different clothes.
Another witness stated that defendant came to her home in Drew about 15 minutes before 3:00 and asked for something for a headache. When the witness could not find a pill, defendant left the house and the witness saw him again about 10 minutes after 3:00 at the Junior Food Mart where she worked as a cook. Defendant was with Albert Banks at that time and purchased $4 worth of gasoline for Banks’ car.
Thomas L. Morgan, who had been convicted of arson and manslaughter, testified that he and defendant rented rooms at the *909 same house in Drew. About noon he heard defendant tell a woman named Laverne that he was going to get some money and next saw him about 5 minutes after 3:00 when the defendant returned to the rooming house. Defendant requested him to clean his shoes and gave Morgan the blue, pullover, sleeveless shirt that he was wearing. ' Morgan cleaned defendant’s shoes and washed the shirt. Later, he surrendered the shoes and shirt to an officer.
After the State rested, Bonnett testified that Jordan Duckworth agreed to come by on Sunday and carry him to the egg farm. He awoke about 12:00 noon and when Duckworth did not come by for him he started walking toward the egg farm. As he approached the egg farm, he saw a car, which he believed to be his employer’s, leave the egg farm and proceed to his employer’s house. He saw a red car and a black 1957 Chevrolet leave the egg farm with one of the cars going south toward Ruleville and the other passing him going north toward Drew.
He found Denny, still alive, lying on the floor and, instead of rendering assistance, panicked and ran. When asked why he ran, he stated:
Well, I just got off on parole and I figured they was going to put me in on it. I said, well, they done put me in everything else going on around here in Drew. A woman got cut down there and they tried to put me in that. I got stabbed in the back and they was locking me up for that. I signed the paper. And I didn’t have no choice. If they had caught me, they would point the finger right at me because I’m an inmate.
Defendant ran toward Drew along a nearby railroad, caught a ride in a white car at the edge of town, decided to get out of his muddy clothes and asked Jordan to clean them for him. He went to the home of a friend to get something for a headache and then with Albert Banks in his automobile. He purchased gasoline, bought a six-pack of beer and several cans of milk for a baby. He said that he paid for the articles purchased on Sunday with money that he had received on Friday.
On cross-examination he said he was going to the egg farm to see if he could work, and if he could not work, he was going to borrow money from Duckworth to attend the baseball game. He denied that he told Evone Phillips or Earl Lee Clark that he was going to get some money.
He admitted that he told the sheriff that he did not go to the egg farm at any time on Sunday and that he did not own a pair of shoes or blue shirt like the ones introduced in evidence.
Jordan Duckworth testified that he went by defendant’s rooming house on Saturday morning to pick up the defendant, but defendant was sick. He returned on Sunday and blew his horn, and after defendant did not come out of the house, he went to work. He did not work at the egg farm on Sunday, but worked for Blackwood at another place repairing a house.
The only question in this case is, is the circumstantial evidence sufficient to support the verdict of the jury? In Johnson v. State, 23 So.2d 499 (Miss.1945), we said:
The question must be determined by a jury in each particular case within the principles prescribed by law; within these limitations, the power of circumstances to satisfy the understanding and conscience of the jury beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis consistent with innocence, is always the test of the sufficiency of circumstantial evidence.
It was long ago held by this Court in the case of Browning v. State, 33 Miss. 47, citing Cicely v. State, 13 Smedes & M. 202, 211,. and the principle has been uniformly adhered to since that time, that the sufficiency of circumstantial evidence is peculiarly for the determination *910 of the jury, “because it is always solemnly to be weighed and acted upon by their understandings and consciences, and is, from its very nature, the subject of inferences and conclusions in their minds,” and that “a verdict, therefore, found on circumstantial evidence, will always he permitted to stand unless it is opposed by a decided preponderance of the evidence, or is based on no evidence whatever.” (23 So.2d at 500.) (Emphasis supplied.)
See also Burge v. State, 282 So.2d 223 (Miss.1973); Bone v. State, 207 Miss. 868, 43 So.2d 571 (1949); Dickins v. State, 208 Miss. 69, 43 So.2d 366 (1949).
There is evidence to show that defendant said he was going to get money on the afternoon of the murder; defendant admitted that if he could not work at the egg farm on Sunday, he was going to borrow money from Jordan Duckworth; approximately $75 was stolen from the egg farm and later in the day defendant had money and spent money. He changed clothes, had another person to clean up his shoes, gave the shirt he was wearing away, admitted being present at the scene, seeing the body, and fleeing without offering assistance. In our opinion the evidence is sufficient to meet the test announced in Johnson, supra, and to support the verdict of the jury.
This case was considered by a conference of the Judges en banc.
Affirmed.
GILLESPIE, C. J., RODGERS, P. J., and PATTERSON, INZER, ROBERTSON, WALKER and BROOM, JJ., concur.
SMITH, J., dissents.